IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(Huntington)

| | |
|---|---|
| PENN-AMERICA INSURANCE COMPANY, as subrogee of C2C REALTY, LLC<br>Three Bala Plaza, Suite 300E<br>Bala Cynwyd, PA 19004<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HERITAGE FIRE PROTECTION, INC.<br>400 South Big Run Road<br>Ashland, KY 41101<br><br>　　　　　　　　　　　Defendant. | CIVIL ACTION NO.: 3:18-cv-00488<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Penn-America Insurance Company as subrogee of C2C Realty, LLC, by and through its counsel, hereby seeks judgment against Defendant, Heritage Fire Protection, Inc., and complains against Defendant as follows:

## PARTIES

1. Plaintiff, Penn-America Insurance Company, is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, and, at all times relevant hereto, was licensed to conduct business in the State of West Virginia, specifically issuing a policy of insurance to C2C Realty, LLC (hereinafter "Plaintiff's Insured") for the real property and business personal property located at 1415 4th Avenue in Huntington, West Virginia (hereinafter the "Property").

2. Defendant, Heritage Fire Protection, Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business

located at 400 South Big Run Road, Ashland, Kentucky, and may be served through its Vice President Phillip Hutchison at 400 South Big Run Road, Suite 1, Ashland, KY 41102. Defendant transacts business within this state, contracts to supply services or things in this state, and caused injury and damage in this state by tort and breach of both warranty and contract.

## JURISDICTION AND VENUE

3. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the event giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

5. On or about April 3, 2016, a fire originated inside the Property (hereinafter the "Fire").

6. The Fire originated in close proximity to the fire alarm panel on the first floor of the Property.

7. On or about April 3, 2016, the automatic fire protection and alarm system at the Property, to include related components and parts, (hereinafter the "Fire Protection System") failed to operate as intended.

8. The Fire Protection System failed to detect the Fire.

9. Prior to April 3, 2016, Defendant inspected, tested, serviced, repaired and/or maintained the Fire Protection System.

10. The failure of the Fire Protection System to operate as intended allowed the Fire to spread from its area of origin on the first floor to other portions of the Property.

11. The Fire caused significant damage to the Property.

12. Prior to the Fire, Plaintiff issued Policy No. PAC7087847 to Plaintiff's Insured for the period May 1, 2015, to May 1, 2016 providing coverage for, among other things, the Property (hereinafter the "Policy").

13. Pursuant to the terms of the Policy, Plaintiff made payments totaling $945,286.00 to Plaintiff's Insured as a result of the Fire.

14. To the extent of payments made, Plaintiff is now subrogated to the rights and claims of Plaintiff's Insured arising out of or related to the Fire.

15. At all times relevant to this cause of action, Defendant's President Claude L. Hutchison maintained a Fire Protection Worker license with the West Virginia Fire Commission Office of the State Fire Marshal.

16. At all times relevant to this cause of action, Defendant's Vice President Phillip S. Hutchison maintained a Fire Protection Worker license with the West Virginia Fire Commission Office of the State Fire Marshal.

17. At all times relevant to this cause of action, Defendant maintained a contractor's license with the West Virginia Division of Labor.

18. Defendant's West Virginia Division of Labor contractor's license (WV002944) includes the following classifications: A) Electrical, B) General Building, C) General Engineering, D) HVAC, E) Multi-Family, F) Piping, G) Plumbing, H) Residential, and I) Specialty.

## COUNT I – NEGLIGENCE

19. Plaintiff incorporates and re-alleges, as if fully set forth herein, the allegations preceding Count I.

20. At all times relevant to this cause of action, Defendant held itself out to the public as licensed, experienced, qualified, capable, and competent to engineer, design, sell, install,

3

maintain, service, repair, test, and inspect fire protection systems, fire alarm systems, and associated fire protection equipment.

21. At all times relevant to this cause of action, Defendant was engaged, *inter alia*, in the business of engineering, designing, selling, installing, maintaining, servicing, repairing, testing, and inspecting fire protection systems, fire alarm systems, and associated fire protection equipment.

22. Having undertaken to engineer, design, sell, install, maintain, service, repair, test, and/or inspect the Fire Protection System, Defendant assumed a duty to:

   (a) Exercise due care and to serve as a reasonable fire suppression system contractor;
   (b) Perform all work in such a manner that the Fire Protection System would be safe, properly operable for its intended purpose, and would not expose persons and/or the Property to an increased risk of fire
   (c) Provide oversight, quality control, supervision, and training to its employees, agents, representatives, and/or subcontractors responsible for performing work at the Property;
   (d) Comply with all applicable federal, state, and local statutes, regulations, and codes;
   (e) Comply with all applicable industry standards and manufacturer's instructions; and
   (f) Act in a safe and workmanlike manner.

23. Defendant owed the above-referenced duties to the general public, to include Plaintiff and Plaintiff's Insured.

24. As a licensed contractor engaged in maintaining, servicing, repairing, testing, and inspecting fire protection systems which are intended to protect life and property, Defendant owed a heightened duty of care to the general public, to include Plaintiff and Plaintiff's Insured.

4

25. Defendant, acting individually or through employees, agents, representatives, and/or subcontractors, breached its duties by, *inter alia*:

    (a) Failing to properly, safely, and adequately engineer, design, sell, install, maintain, service, repair, test, and/or inspect the Fire Protection System;

    (b) Failing to properly, safely, and adequately examine, diagnose, and/or verify the integrity, completeness, compliance, and operation of the Fire Protection System;

    (c) Failing to properly protect against, discover, repair, respond to, and/or warn of the dangerous condition of the Fire Protection System;

    (d) Failing to act in a safe and proper manner with due regard for the Property and the residents of the Property;

    (e) Failing to take those steps necessary to protect the Property from an increased risk of fire damage;

    (f) Failing to comply with all applicable national, state, and local statutes, regulations, codes, industry standards, and manufacturer's instructions;

    (g) Failing to properly and adequately hire, train, and/or supervise competent agents, subagents, servants, representatives, workmen, employees and/or subcontractors assigned to work at the Property;

    (h) Failing to provide adequate oversight, quality control, supervision, and training to its employees, agents, representatives, and/or subcontractors;

    (i) Failing to apply the degree of skill that would customarily be brought to the testing and inspection of a fire protection system in a multi-family residential property by a licensed, competent and skilled contractor in the industry;

    (j) Failing to discover, detect, warn, and/or correct the defective conditions in the Fire Protection System that Defendant knew or reasonably should have known existed and created an unreasonable risk of harm to the Property;

    (k) Failing to detect and extinguish the aforesaid fire;

    (l) Failing to prevent and/or for permitting the Fire to spread;

    (m) Failing to perform all work and render all services at the Property in a good, safe, and workmanlike manner;

      (n) Otherwise failing to use due care under the circumstances;

      (o) Such other and further negligence, negligent acts, and/or negligent omissions that may be discovered, revealed, and/or disclosed during discovery.

26. Prior to the Fire, Defendant had multiple opportunities to examine and inspect the Fire Protection System.

27. Defendant knew or should have known that the condition of the Fire Protection System prior to the Fire represented a hazard that could foreseeably cause the Property to be susceptible to fire and endanger the lives of the residents.

28. Defendant knew or should have known that the condition of the Fire Protection System prior to the Fire represented a violation of fire code and industry standards.

29. Plaintiff's Insureds is within the class of persons that the applicable statutes, regulations, codes, and standards were designed and intended to protect.

30. The Fire is the type of event that the applicable statutes, regulations, codes, and standards were designed and intended to prevent.

31. Defendant's conduct fell below the standard established by law for the protection of others against an unreasonable risk of harm.

32. It was foreseeable that if Defendant breached its duties, the Property would be damaged by fire.

33. As a direct and proximate result of Defendant's aforesaid negligence, negligent acts, and/or negligent omissions, Plaintiff incurred the damage alleged above totaling $945,286.00.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $945,286.00, together with interest, costs, attorneys' fees and such other relief this Court deems appropriate.

## COUNT II - Gross Negligence

34. Plaintiff incorporates and re-alleges, as if fully set forth herein, the allegations preceding Count II.

35. Given Defendant's knowledge and experience in the fire protection system industry, Defendant's failure to discover and/or repair the defect in the Fire Protection System at the Property after having an opportunity to inspect and examine the Fire Protection System was more than ordinary negligence and amounted to a conscious indifference to consequences and/or a willful, wanton, heedless and reckless disregard for another's rights and/or an utter unconcern for the safety of others.

36. As a direct and proximate result of the aforesaid gross negligence and/or grossly negligent acts and/or grossly negligent omissions of Defendant, Plaintiff incurred the damages alleged above totaling $945,286.00.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $945,286.00, together with interest, costs, attorneys' fees and such other relief this Court deems appropriate.

## COUNT III – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

37. Plaintiff incorporates and re-alleges, as if fully set forth herein, the allegations preceding Count I.

38. Plaintiff's Insured and Defendant exchanged offer and acceptance until a contract was formed whereby in exchange for valuable consideration to be paid by Plaintiff's Insured, Defendant agreed to perform certain work at the Property.

39. Having undertaken to perform certain work at the Property, Defendant expressly and/or impliedly warranted that it would perform all work at the Property in a workmanlike manner and free of defects.

7

40. Having undertaken to perform certain work at the Property, Defendant expressly and/or impliedly warranted that it would perform all work at the Property in such a manner that the Fire Protection System would be code-compliant and operational.

41. Having undertaken to perform certain work at the Property, Defendant expressly and/or impliedly warranted that the Fire Protection System would be of merchantable quality and fit for its ordinary, intended, and foreseeable purposes and uses.

42. Having undertaken to perform certain work at the Property, Defendant expressly and/or impliedly warranted that the Fire Protection System was free from defects.

43. Defendant breached its warranty by failing to perform all work at the Property in a workmanlike manner and free of defects.

44. Defendant breached its warranty by failing to perform all work so that the Fire Protection System would be code-compliant and operational.

45. Defendant breached its warranty by failing to ensure that the Fire Protection System merchantable and fit for the particular purpose for which the Fire Protection System was used and intended to be used.

46. As a direct and proximate result of Defendant's breach of express and/or implied warranties, Plaintiff incurred the damages alleged above totaling $945,286.00..

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $945,286.00, together with interest, costs, attorneys' fees and such other relief this Court deems appropriate.

## COUNT IV – BREACH OF CONTRACT

47. Plaintiff incorporates and re-alleges, as if fully set forth herein, the allegations preceding Count I.

48. Plaintiff's Insured and Defendant exchanged offer and acceptance until a contract was formed whereby in exchange for valuable consideration to be paid by Plaintiff's Insured, Defendant agreed to perform certain work at the Property.

49. Defendant, acting individually or through employees, agents, representatives, and/or subcontractors, breached its contractual duties by:

   (a) Failing to perform all work in a good, safe, and workmanlike manner, free from defects;
   (b) Failing to ensure Defendant's work at the Property was completed in compliance with the terms of the contract;
   (c) Failing to maintain the Fire Protection System in a code-compliant, operational condition free from defects; and
   (d) Such other breaches which may be disclosed through discovery.

50. As a direct and proximate result of Defendant's breach of its contractual duties and obligations, Plaintiff incurred the damages alleged above totaling $945,286.00.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $945,286.00, together with interest, costs, attorneys' fees and such other relief this Court deems appropriate.

Respectfully submitted this 27th day of March, 2018.

BY: *[signature]*
Benjamin M. Mishoe
SHAFFER & SHAFFER PLLC
2116 Kanawha Blvd. East
Charleston, WV 35311
Phone: 304-362-7088
bmishoe@shafferlaw.net

*Attorneys for Plaintiff,*
*Penn-America Insurance Company*

9